Kern, Leila R., J.
Marina Serrano’s Motion for a Preliminary Injunction is GRANTED for the following reasons.
On June 3, 2011, this court granted plaintiffs request for a temporary restraining order prohibiting the defendants from holding a special meeting of Ideal Engine Rebuilders, Inc.’s stockholders on that day or any other time until further order of this court or by agreement of the parties. Now before this court is the plaintiffs request for a preliminary injunction to indefinitely prevent said meeting of stockholders. The defendants’ contend that the preliminary injunction should be denied because plaintiffs action must be brought derivatively, and therefore she cannot demonstrate a reasonable likelihood of success.
*553 Generally, a shareholder claim for breach of fiduciary duty by another shareholder must be brought derivatively rather than directly when the alleged breach of duty was owed to the corporation and not the individual shareholder. Bessette v. Bessette, 385 Mass. 806, 809-10 (1982). Where corporate recovery provides a “just measure of relief to the complaining stockholder, resort to a direct, personal action against miscreant fiduciaries may not be available.” Crowley v. Communications for Hosp., Inc., 30 Mass.App.Ct. 751, 765 (1991).
The general rule that the corporation must benefit from the total recoveiy in shareholder actions, however, is “not inflexible.” Samia v. Central Oil Co., 339 Mass. 101, 123 (1959). A direct action has been upheld where a minority shareholder in a corporate freeze-out situation established individual harm. Donahue v. Rodd Electrotype Co., 367 Mass. 578, 579 n.4 (1975). Particularly where the only other shareholder is the defendant, “it may be futile to require the minority shareholder to sue on behalf of the corporation . . . because any recovery in a derivative suit would return the funds to the control of [the] defendant... rather than to the injured party.” Orsi v. Sunshine Art Studios, Inc., 874 F.Sup. 471, 475 (D.Mass. 1995). In such cases, a court may use its equity powers to provide an effective remedy to a wronged party. Zimmerman v. Bogoff, 402 Mass. 650, 661, (1988), citing Bodio v. Ellis, 401 Mass. 1, 10, (1987).
The facts of this case suggest that any recoveiy the plaintiff may receive in a derivative action would not provide an effective remedy since the only other shareholder in the corporation is one of the defendants.[2] Accordingly, the plaintiff may proceed in this action directly, and therefore without prior written demand to the corporation as required by G.L.c. 156D, §7.42. Based on the plaintiffs reasonable likelihood of success in a direct action against the defendants, her request for injunctive relief is granted.
ORDER
For the foregoing reasons, it is ORDERED that plaintiff, Marina Serrano’s Preliminary Injunction is GRANTED with respect to Prayer (i), to preliminarily enjoin defendant Dennis Serrano from holding a Special Meeting of Stockholders of Ideal Engine Rebuild-ers, Inc. at any time until further order of the court or agreement of the parties, and a hearing is to be held with respect to all other prayers for relief.

The only two shareholders in this corporation are Marina and Dennis Serrano.